Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:  (212) 292-5390
Facsimile:  (212) 292-5391
*Attorneys for Plaintiff*
*Smart Study Co., Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SMART STUDY CO., LTD., <br><br> *Plaintiff* <br><br> v. <br><br> BEIJING LONGTENG YUNQI TRADE CO., LTD., CLEVERKIDS STORE, DAFENG CLAIRE IMPORT AND EXPORT TRADING CO., LTD., FOSHAN GOLDEN FAIRY TALE CLOTHING CO., LTD., GIRLY STORE, HOPE TOYS (SHANGHAI) CO., LTD., JIAHAI (DONGGUAN) TECHNOLOGY CO., LTD., JIANGMEN AOXIN TRADE CO., LTD., L&L PARENT CHILD OUTFIT 2 STORE, LIANYUNGANG HONGWEN TOYS CO., LTD., LIUYANG BLUEWHALE FIREWORKS CO., LTD., LONGGANG JING'AN PAPER PRODUCTS CO., LTD., LONGYOU JIZHEN E-COMMERCE CO., LTD., LOVELYLIAN STORE, NANJING ZHAOYAN TRADE CO., LTD., NANNING EXCELLENT EMBROIDERY CO., LTD., NINGBO HOORAY CRAFTS CO., LTD., NINGBO MILUCKY CRAFTWORK CO., LTD., PAREHOPE WEDDING/PARTY DECOR STORE, QINGDAO BUZZY CULTURAL CO., LTD., QINGDAO FUBOYUAN ARTS & CRAFTS CO., LTD., ROOXIN WATER FUN STORE, SHANGHAI ROGER INDUSTRY LIMITED COMPANY, | **20-cv-6455 (LAK)** <br><br> ~~[PROPOSED]~~ <br> **PRELIMINARY INJUNCTION ORDER** |

SHANTOU CHENGHAI HUA NUO INTELLIGENT TECHNOLOGY CO., LTD., SHANTOU JIETAI CRAFTS&TOYS MANUFACTORY, SHENZHEN CHUANYIJINGPIN TOYS CO., LTD., SHENZHEN SSTC TECHNOLOGY CO., LTD., SHENZHEN TOMTOY PLASTIC ELECTRIC CO., LTD, SHOP5365253 STORE, SHOP5485050 STORE, WENZHOU ZIGPAC INDUSTRY LIMITED, YANGZHOU HONGLEI TOYS CO., LTD., YIWU CITY XINYANG IMPORT AND EXPORT CO., LTD., YIWU GOOD CRAFTS CO., LTD., YIWU HODER CRAFTS CO., LTD., YIWU JUNZHI TOYS CO., LTD., YIWU LOLLIPOP-PROFESSIONAL GARMENT FACTORY, YIWU MICROSTAR COMMODITIES CO., LTD., YIWU PARTY UNION IMP & EXP CO., LTD., YIWU RUIYI HOME SUPPLIES CO., LTD., YIWU RUOLIN E-COMMERCE FIRM, YIWU SUPERSTAR GIFT & TOYS CO., LTD., YIWU WUTONG CLOTHING FACTORY and YIWU ZHI AO TRADING CO., LTD.,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Smart** | Smart Study Co., Ltd. |
| **Defendants** | Beijing Longteng Yunqi Trade Co., Ltd., Cleverkids Store, Dafeng Claire Import And Export Trading Co., Ltd., Foshan Golden Fairy Tale Clothing Co., Ltd., Girly Store, Hope Toys (Shanghai) Co., Ltd., Jiahai (Dongguan) Technology Co., Ltd., Jiangmen Aoxin Trade Co., Ltd., L&L Parent Child Outfit 2 Store, Lianyungang Hongwen Toys Co., Ltd., Liuyang Bluewhale Fireworks Co., Ltd., Longgang Jing'an Paper Products Co., Ltd., Longyou Jizhen E-Commerce Co., Ltd., LovelyLian Store, Nanjing Zhaoyan Trade Co., Ltd., Nanning Excellent Embroidery Co., Ltd., Ningbo Hooray Crafts Co., Ltd., Ningbo Milucky Craftwork Co., Ltd., parehope Wedding/Party Decor Store, Qingdao Buzzy Cultural Co., Ltd., Qingdao Fuboyuan Arts & Crafts Co., Ltd., Rooxin Water Fun Store, Shanghai Roger Industry Limited Company, Shantou Chenghai Hua Nuo Intelligent Technology Co., Ltd., Shantou Jietai Crafts&Toys Manufactory, Shenzhen Chuanyijingpin Toys Co., Ltd., Shenzhen SSTC Technology Co., Ltd., Shenzhen Tomtoy Plastic Electric Co., Ltd, Shop5365253 Store, Shop5485050 Store, Wenzhou Zigpac Industry Limited, Yangzhou Honglei Toys Co., Ltd., Yiwu City Xinyang Import And Export Co., Ltd., Yiwu Good Crafts Co., Ltd., Yiwu Hoder Crafts Co., Ltd., Yiwu Junzhi Toys Co., Ltd., Yiwu Lollipop-Professional Garment Factory, Yiwu Microstar Commodities Co., Ltd., Yiwu Party Union Imp & Exp Co., Ltd., Yiwu Ruiyi Home Supplies Co., Ltd., Yiwu Ruolin E-Commerce Firm, Yiwu Superstar Gift & Toys Co., Ltd., Yiwu Wutong Clothing Factory and Yiwu Zhi Ao Trading Co., Ltd. |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |

| | |
|---|---|
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint filed on August 14, 2020 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on August 14, 2020 |
| **Yang Dec.** | Declaration of Su Jeong Yang in Support of Plaintiff's Application |
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiff's Application |
| **Baby Shark Content** | One of Smart's most successful creations, which is the Pinkfong "Baby Shark" song and viral music video with characters |
| **Baby Shark Applications** | U.S. Trademark Serial Application Nos.: 79/253,035 for registration of "BABY SHARK" for a variety of goods in Classes 41, 25, 16 and 9; 79/252,869 for registration of **pinkfong** for a variety of goods in Class 41; 79/249,403 for registration of "PINKFONG BABY SHARK" for a variety of goods in Classes 24 and 21; 88/396,786 for registration of "PINKFONG BABY SHARK" for a variety of goods in Class 25; 88/529,984 for registration of "PINKFONG" for a variety of goods in Class 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32, 41; 88/530,086 for registration of "BABY SHARK" for a variety of goods in Class 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32, 41; 88/594,141 for "PINKFONG" for a variety of goods in Class 5; and 88/594,122 for "BABY SHARK" for a variety of goods in Class 5 |
| **Baby Shark Registrations** | U.S. Trademark Registration Nos.: 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; 4,993,122 for "PINKFONG" a variety of goods in Classes 9 and 25; and 6,021,523 for **pinkfong Baby Shark** for a variety of goods in Class 28 |
| **Baby Shark Marks** | The Baby Shark Registrations and Baby Shark Applications |
| **Baby Shark Works** | U.S. Copyright Registration Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, covering Mommy Shark; VA 2- |

| | |
|---|---|
| | 131-983, covering Pink Fong Mascot; SR 823-609, covering Baby Shark (Sound Recording and Music); PA 2-142-905, covering Baby Shark (Motion Picture) |
| **Baby Shark Products** | Smart has developed and initiated an extensive worldwide licensing program for a wide variety of consumer products such as toys, sound books, t-shirts, associated with and/or related to the Baby Shark Content |
| **Counterfeit Products** | Products bearing or used in connection with the Baby Shark Marks and/or Baby Shark Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baby Shark Marks and/or Baby Shark Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works and/or products that are identical or confusingly or substantially similar to the Baby Shark Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and |

| | |
|---|---|
| | other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiff having moved *ex parte* on August 14, 2020 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on December 10, 2020;

WHEREAS, on December 22, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on each and every Defendant, except Defendants Yangzhou Honglei Toys Co., Ltd., Yiwu Ruolin E-Commerce Firm and Lianyungang Hongwen Toys Co., Ltd.;

WHEREAS, on December 23, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on Defendant Lianyungang Hongwen Toys Co., Ltd.;

WHEREAS, no Defendants filed an opposition to Plaintiff's application for a preliminary injunction order;

## **ORDER**

1. This Order shall not apply to Defendants Yangzhou Honglei Toys Co., Ltd.and Yiwu Ruolin E-Commerce Firm.
2. Defendants and all persons in active concert and participation with them who receive actual notice of this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending, the final determination of this action:
    i. manufacturing, importing, exporting, advertising, marketing, promoting,

distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Baby Shark Marks and/or Baby Shark Works;

ii. directly or indirectly infringing in any manner Plaintiff's Baby Shark Marks and/or Baby Shark Works;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Baby Shark Marks and/or Baby Shark Works, to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's Baby Shark Marks and/or Baby Shark Works or any other marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed,

promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 2(a)(i) through 2(a)(vii) above and 1(b)(i) below.

3. This Order is binding upon Defendants and all persons in active concert and participation with them who receive actual notice of this Order.

4. As sufficient cause has been shown, within seven (7) days of receipt of notice of this Order, any newly discovered persons in active concert and participation who receive actual notice of this Order, including any Financial Institutions who satisfy those requirements, shall

locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all Defendants' Financial Accounts.

5. Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

6. Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall respond to such requests within fourteen (14) days of service to Plaintiff's counsel.

7. Within fourteen (14) days after receiving notice of this Order, all Financial Institutions served with this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

   i.    account numbers;

   ii.   current account balances;

iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii. any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

viii. the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

ix. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full

accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

    x. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing one or more of the Baby Shark Marks and/or Baby Shark Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Baby Shark Marks and/or Baby Shark Works.

8. Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

    ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

    iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not

limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

 iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute an infringement of the Baby Shark Marks and/or Baby Shark Works.

9. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on Defendants if it is completed by any of the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses to be determined after having been identified pursuant to Paragraph V(C) of the TRO; or

b) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms and providing a link to a secure website (such as NutStore or a large mail

link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order.

10. As sufficient cause has been shown, service of this Order may be made on the Third Party Service Providers and Financial Institutions by any of the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Ms. Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com;

   d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

   e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department at

legal@pingpongx.com.

11. The $10,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

12. Any Defendants or other person or entity subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this ___1st___ day of ___July___, 2021, at ___4:55___.m.
New York, New York

_____
HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

9