Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle (Yamali) Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Smart Study Co., Ltd.*




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SMART STUDY CO., LTD.,

*Plaintiff*

v.

BEIJING LONGTENG YUNQI TRADE CO., LTD., CLEVERKIDS STORE, DAFENG CLAIRE IMPORT AND EXPORT TRADING CO., LTD., FOSHAN GOLDEN FAIRY TALE CLOTHING CO., LTD., GIRLY STORE, HOPE TOYS (SHANGHAI) CO., LTD., JIAHAI (DONGGUAN) TECHNOLOGY CO., LTD., JIANGMEN AOXIN TRADE CO., LTD., L&L PARENT CHILD OUTFIT 2 STORE, LIANYUNGANG HONGWEN TOYS CO., LTD., LIUYANG BLUEWHALE FIREWORKS CO., LTD., LONGGANG JING'AN PAPER PRODUCTS CO., LTD., LONGYOU JIZHEN E-COMMERCE CO., LTD., LOVELYLIAN STORE, NANJING ZHAOYAN TRADE CO., LTD., NANNING EXCELLENT EMBROIDERY CO., LTD., NINGBO HOORAY CRAFTS CO., LTD., NINGBO MILUCKY CRAFTWORK CO., LTD., PAREHOPE WEDDING/PARTY DECOR STORE, QINGDAO BUZZY CULTURAL CO., LTD., QINGDAO FUBOYUAN ARTS & CRAFTS CO., LTD., ROOXIN WATER FUN STORE, SHANGHAI ROGER INDUSTRY LIMITED COMPANY, SHANTOU CHENGHAI HUA NUO INTELLIGENT TECHNOLOGY CO., LTD., SHANTOU JIETAI CRAFTS&TOYS MANUFACTORY, SHENZHEN

**CIVIL ACTION No. 20-cv-6455 (LAK)**

**~~[PROPOSED]~~
FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ~~ORDER~~**

Case 1:20-cv-06455-LAK Document 33 Filed 04/26/22 Page 2 of 11

CHUANYIJINGPIN TOYS CO., LTD., SHENZHEN SSTC TECHNOLOGY CO., LTD., SHENZHEN TOMTOY PLASTIC ELECTRIC CO., LTD, SHOP5365253 STORE, SHOP5485050 STORE, WENZHOU ZIGPAC INDUSTRY LIMITED, YANGZHOU HONGLEI TOYS CO., LTD., YIWU CITY XINYANG IMPORT AND EXPORT CO., LTD., YIWU GOOD CRAFTS CO., LTD., YIWU HODER CRAFTS CO., LTD., YIWU JUNZHI TOYS CO., LTD., YIWU LOLLIPOP-PROFESSIONAL GARMENT FACTORY, YIWU MICROSTAR COMMODITIES CO., LTD., YIWU PARTY UNION IMP & EXP CO., LTD., YIWU RUIYI HOME SUPPLIES CO., LTD., YIWU RUOLIN E-COMMERCE FIRM, YIWU SUPERSTAR GIFT & TOYS CO., LTD., YIWU WUTONG CLOTHING FACTORY AND YIWU ZHI AO TRADING CO., LTD.,

*Defendants*

## GLOSSARY

| Term | Definition | Docket Entry Number |
| --- | --- | --- |
| **Plaintiff or Smart** | Smart Study Co., Ltd. | N/A |
| **Defendants** | Beijing Longteng Yunqi Trade Co., Ltd., Cleverkids Store, Dafeng Claire Import And Export Trading Co., Ltd., Foshan Golden Fairy Tale Clothing Co., Ltd., Girly Store, Hope Toys (Shanghai) Co., Ltd., Jiahai (Dongguan) Technology Co., Ltd., Jiangmen Aoxin Trade Co., Ltd., L&L Parent Child Outfit 2 Store, Lianyungang Hongwen Toys Co., Ltd., Liuyang Bluewhale Fireworks Co., Ltd., Longgang Jing'an Paper Products Co., Ltd., Longyou Jizhen E-Commerce Co., Ltd., LovelyLian Store, Nanjing Zhaoyan Trade Co., Ltd., Nanning Excellent Embroidery Co., Ltd., Ningbo Hooray Crafts Co., Ltd., Ningbo Milucky Craftwork Co., Ltd., parehope Wedding/Party Decor Store, Qingdao Buzzy Cultural Co., Ltd., Qingdao Fuboyuan Arts & Crafts Co., Ltd., Rooxin Water Fun Store, Shanghai Roger Industry Limited Company, Shantou Chenghai Hua Nuo Intelligent Technology Co., Ltd., Shantou Jietai Crafts&Toys Manufactory, Shenzhen Chuanyijingpin Toys Co., Ltd., Shenzhen SSTC Technology Co., Ltd., Shenzhen Tomtoy Plastic Electric Co., Ltd, Shop5365253 Store, Shop5485050 Store, Wenzhou Zigpac Industry Limited, Yangzhou Honglei Toys Co., Ltd., Yiwu City Xinyang Import And Export Co., Ltd., Yiwu Good Crafts Co., Ltd., Yiwu Hoder Crafts Co., Ltd., Yiwu Junzhi Toys Co., Ltd., Yiwu Lollipop-Professional Garment Factory, Yiwu Microstar Commodities Co., Ltd., Yiwu Party Union Imp & Exp Co., Ltd., Yiwu Ruiyi Home Supplies Co., Ltd., Yiwu Ruolin E-Commerce Firm, Yiwu Superstar Gift & Toys Co., Ltd., Yiwu Wutong Clothing Factory and Yiwu Zhi Ao Trading Co., Ltd. | N/A |
| **Defaulting Defendants** | Beijing Longteng Yunqi Trade Co., Ltd., Cleverkids Store, Dafeng Claire Import And Export Trading Co., Ltd., Foshan Golden Fairy Tale Clothing Co., Ltd., Girly Store, Hope Toys (Shanghai) Co., Ltd., Jiahai (Dongguan) Technology Co., Ltd., Jiangmen Aoxin Trade Co., Ltd., L&L Parent Child Outfit 2 Store, Liuyang Bluewhale Fireworks Co., Ltd., Longgang Jing'an Paper Products Co., Ltd., Longyou Jizhen E- | N/A |

| | | |
|---|---|---|
| | Commerce Co., Ltd., LovelyLian Store, Nanjing Zhaoyan Trade Co., Ltd., Nanning Excellent Embroidery Co., Ltd., Ningbo Hooray Crafts Co., Ltd., parehope Wedding/Party Decor Store, Qingdao Fuboyuan Arts & Crafts Co., Ltd., Rooxin Water Fun Store, Shanghai Roger Industry Limited Company, Shantou Jietai Crafts&Toys Manufactory, Shenzhen Chuanyijingpin Toys Co., Ltd., Shenzhen SSTC Technology Co., Ltd., Shenzhen Tomtoy Plastic Electric Co., Ltd, Shop5365253 Store, Shop5485050 Store, Wenzhou Zigpac Industry Limited, Yiwu Hoder Crafts Co., Ltd., Yiwu Junzhi Toys Co., Ltd., Yiwu Lollipop-Professional Garment Factory, Yiwu Party Union Imp & Exp Co., Ltd., Yiwu Ruiyi Home Supplies Co., Ltd., Yiwu Wutong Clothing Factory and Yiwu Zhi Ao Trading Co., Ltd. | |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on August 14, 2020 | 1 |
| **Complaint** | Plaintiff's Complaint filed on August 14, 2020 | 6 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on August 14, 2020 | 11-14 |
| **Yang Dec.** | Declaration of Su Jeong Yang in Support of Plaintiff's Application | 14 |
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiff's Application | 13 |

| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on December 10, 2020 | 15 |
|---|---|---|
| **PI Show Cause Hearing** | December 23, 2020 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | Preliminary Injunction Order entered on July 1, 2021 | 16 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Baby Shark Content** | One of Smart's most successful creations, which is the Pinkfong "Baby Shark" song and viral music video with characters | N/A |
| **Baby Shark Applications** | U.S. Trademark Serial Application Nos.: 79/253,035 for registration of "BABY SHARK" for a variety of goods in Classes 41, 25, 16 and 9; 79/252,869 for registration of **pinkfong** for a variety of goods in Class 41; 79/249,403 for registration of "PINKFONG BABY SHARK" for a variety of goods in Classes 24 and 21; 88/396,786 for registration of "PINKFONG BABY SHARK" for a variety of goods in Class 25; 88/529,984 for registration of "PINKFONG" for a variety of goods in Class 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32, 41; 88/530,086 for registration of "BABY SHARK" for a variety of goods in Class 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32, 41; 88/594,141 | N/A |

| | | |
|---|---|---|
| | for "PINKFONG" for a variety of goods in Class 5; and 88/594,122 for "BABY SHARK" for a variety of goods in Class 5 | |
| **Baby Shark Registrations** | U.S. Trademark Registration Nos.: 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; 4,993,122 for "PINKFONG" a variety of goods in Classes 9 and 25; and 6,021,523 for a variety of goods in Class 28 | N/A |
| **Baby Shark Marks** | The Baby Shark Registrations and Baby Shark Applications | N/A |
| **Baby Shark Works** | U.S. Copyright Registration Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, covering Mommy Shark; VA 2-131-983, covering Pink Fong Mascot; SR 823-609, covering Baby Shark (Sound Recording and Music); PA 2-142-905, covering Baby Shark (Motion Picture) | N/A |
| **Baby Shark Products** | Smart has developed and initiated an extensive worldwide licensing program for a wide variety of consumer products such as toys, sound books, t-shirts, associated with and/or related to the Baby Shark Content | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Baby Shark Marks and/or Baby Shark Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baby Shark Marks and/or Baby Shark Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works and/or products that are identical or confusingly or substantially similar to the Baby Shark Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other | N/A |

| | companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | |
|---|---|---|
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on April 26, 2022 | TBD |
| **Futterman Aff.** | Affidavit by Danielle (Yamali) Futterman in Support of Plaintiff's Motion for Default Judgment | TBD |

Case 1:20-cv-06455-LAK Document 33 Filed 04/26/22 Page 8 of 11

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting and copyright infringement arising out of Defaulting Defendants' unauthorized use of Plaintiff's Baby Shark Marks and/or Baby Shark Works including, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle (Yamali) Futterman in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

1) ORDERED, ADJUDGED AND DECREED that judgment is granted in favor of Plaintiff as to the first, second and fifth causes of action pleaded in the Complaint (trademark counterfeiting, trademark infringement and copyright infringement).

## II. Damages Awards

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement and the Copyright Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages requested in

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

Case 1:20-cv-06455-LAK Document 33 Filed 04/26/22 Page 9 of 11

its Motion for Default Judgment, the Court awards Plaintiff fifty thousand Dollars ($50,000.00) ("Defendants' Individual Damages Award") in statutory damages against each of the Thirty-Four (34) Defaulting Defendants pursuant to 15 U.S.C. § 1117(c) of the Lanham Act and Section 17 U.S.C. § 504(c) of the Copyright Act for a total of One Million Seven Hundred Thousand Dollars ($1,700,000.00) ("Defaulting Defendants' Collective Damages Award"), as well as post-judgment interest at the statutory rate set forth in 28 U.S.C. § 1961(a), provided that the liability of each defendant is several and not joint.

### III. Permanent Injunction

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns, and all persons acting in concert with Defaulting Defendants who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

   B. directly or indirectly infringing in any manner Plaintiff's Baby Shark Marks and/or Baby Shark Works;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Baby Shark Marks and/or Baby Shark Works to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Baby Shark Marks and/or Baby Shark Works, or any other marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

Case 1:20-cv-06455-LAK Document 33 Filed 04/26/22 Page 10 of 11

E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   i. Defaulting Defendants' User Accounts and/or Merchant Storefronts;

   ii. Defaulting Defendants' Assets; and

   iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiff's Baby Shark Marks and/or Baby Shark Works, or bear any marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works pursuant to 15 U.S.C. § 1118.

## IV. Dissolution of Rule 62(a) Stay

5) IT IS FURTHER ORDERED, ADJOURNED AND DECREED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V. Miscellaneous Relief

6) IT IS FURTHER ORDERED, ADJOURNED AND DECEED that any failure by Defaulting Defendants to comply with the terms of this Order may be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court.

7) IT IS FURTHER ORDERED, ADJOURNED AND DECEED that the Court releases the Ten Thousand U.S. Dollar ($10,000.00) security bond that Plaintiff submitted in connection to this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10166.

8) IT IS FURTHER ORDERED, ADJOURNED AND DECEED that this Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

The Clerk shall terminate DI 11.

**SO ORDERED.**

SIGNED this 27 day of April, 2022, at 10:35 a.m.

HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE